UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN THE MATTER OF:
    Derek John Alberson,

           Debtor.

Case No.: 12-32998
JUDGE DANIEL S. OPPERMAN
CHAPTER 13

_____

## CHAPTER 13 PLAN

( X ) Original OR ( ) Modification #_____     ( ) pre-confirmation    OR
                                                   ( ) post-confirmation

**I. PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as direct payments as indicated herein.

A.      The monthly Commitment period for the Debtor's plan is required to be no less than 60 months.

B.      The Debtor shall make payments in the amount of $2,268.00 per month for 60 months.

C.      Plan length and effective date: This Plan shall continue for 60 months from the date of entry of the Order Confirming Plan which shall also be the effective date of the Plan.

D.      Treatment of claims:
    1.     <u>Class One-Administrative Expenses</u>
        A.     Trustee fees as determined by statute.
        B.     Adequate Protection payments: Debtor shall make the following adequate protection payments directly to the Trustee as set forth in 11.N. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion.

| CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| LOC Federal Credit Union | 2011 Harley Davidson motorcycle | $325.00 |

        **C.**     Attorney fees and costs: An agreed fee of $3,300.00less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $2,900.00 plus costs advanced in the amount of $0.00 which totals $2,900.00. Said sum

shall be paid at the rate of at least $730.00 per month commencing upon entry of the Order Confirming Plan.

2. <u>Class Two - Continuing Claims:</u> Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. 1322(b)(5)]. To the extent such claims are non-modifiable pursuant to 11 U.S.C. 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| 1. Central Mortgage Co.<br>1077 Penarth, Commerce Twp.<br>MI | Property shall be surrendered to creditor in satisfaction of their <u>secured</u> claim. To the extent an unsecured claim exists, creditor shall be treated as a general unsecured creditor. The Trustee shall make no payment to this creditor as a <u>secured</u> creditor. |
| 2. Shore Financial Services/<br>8382 Cook Rd., Swartz Creek, MI | $1,212.65 |
| 3. LOC Federal Credit Union/<br>2010 Wildwood Trailer | The Trustee shall make no payment to this Creditor on this claim as Debtor's non-filing spouse is making this payment. |

**3.** <u>Class Three - Executory Contracts and/or Unexpired Leases</u> [11 U.S.C. 1322(b)(7) and 11 U.S.C. 365]

a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/<br>Reject/Assign | If assumed,<br>regular payment<br>Per month | Lease/Contract<br>expiration<br>date |
|---|---|---|---|

NONE

1. <u>Class Four - Arrearage on Continuing Claims</u> [11 U.S.C. 1322(b)(5)]

   Pre-Petition Arrears:

| Creditor/Collateral | Arrears<br>Amount | Interest<br>Rate | Estimated<br><u>monthly payment</u> | number of months<br>to cure from<br><u>confirmation date</u> |
|---|---|---|---|---|
| Central Mortgage Co.<br>1077 Penarth<br>Commerce Twp., MI | | | The Trustee shall make no payment to this Creditor on the arrearage as the Debtor is surrendering the property to the Creditor. | |

**5.** **<u>Class Five A -Other Secured Claims:</u> ONLY PURCHASE MONEY SECURITY INTERESTS IN PERSONAL PROPERTY. Secured claims other**

**than those listed in Classes Two, Four and Five B on which the last payment will become due within the Plan duration. Adequate protection payments shall continue until such time as funds become available to pay equal monthly payments over the remaining length of the plan.**

| Creditor/ Collateral | Crammed Down [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate which | Market Value | Interest Rate | **Adequate Protection Payment** | Total to Pay (Incl. Interest) |
|---|---|---|---|---|---|
| LOC Federal C.U. 2011 Harley Davidson | N/A | | | The Trustee shall continue to pay the Creditor payment in in the amount of $325.00 per month per their contract with the contract interest rate until Creditor's claim is paid in full. | |
| Ally Bank/2009 Chev. Traverse | N/A | | | Collateral shall be surrendered to creditor in satisfaction of their secured claim. To the extent an unsecured claim exists, creditor shall be treated as a general unsecured creditor. The Trustee shall make no payments to this creditor as a secured creditor. | |

**Class Five B - Other Secured Claims: EXCEPT PURCHASE MONEY SECURITY INTERESTS IN PERSONAL PROPERTY. Secured claims other than those listed in Classes Two, Four and Five A on which the last payment will become due within the Plan duration.**

| Creditor/ Collateral | Crammed Down [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) |
|---|---|---|---|---|---|

NONE

6. **Class Six A - Non-Assigned Domestic Support Obligations [11 U.S.C. 1322(a)(2)]**

| Creditor | Amount | Interest Rate |
|---|---|---|

NONE

**Class Six B - All Other Priority Unsecured Claims [11 U.S.C.1322(a)(2)]**
Creditor
NONE

7. Class Seven - Special Unsecured Claims shall be paid in full and concurrently With Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|

**NONE**

8. **CLASS EIGHT - GENERAL UNSECURED CLAIMS:** It is estimated that all general unsecured claims will be paid **21.70 %** of such amounts. This class shall be paid (X) subsequent to all classes of secured claims.

9. Other Provisions: N/A

II. **GENERAL PROVISIONS**

A. THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:

B. VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. 1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [ 11 U.S.C. 1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. SURRENDER OR ABANDONMENT OF COLLATERAL: Upon confirmation, the Automatic Stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT:** While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS:** If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class. The Trustee shall not disburse adequate protection payments to unscheduled creditors unless otherwise ordered by the Court.

F. PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

1. Regarding claims for which the Plan does not propose a cramdown or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate

of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.

    2        As to claims for which the Plan proposes a cramdown or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

    3.       If a holder of a claim filed a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated unless provided otherwise by order of the Court.

    4.       A proof of claim or interest shall be deemed filed under 11 U.S.C. 501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan. Adequate protection payments shall not be made to claims designated in Class 5A who do not meet the requirements under ll.N. unless otherwise ordered by the Court.

G.    **TAX RETURNS, TAX REFUNDS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed (see L.B.R. 2083-1(E.D.M.) Regarding non-filed returns): Debtor(s) shall retain all tax refunds.

H.    **DEBTOR ENGAGED IN BUSINESS:** [ ] If the box to the immediate left is Achecked@, the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.

    1.       11 U.S.C. 1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.

    2.       The debtor shall comply with the provisions of L.B.R. 3015-1 (a)(8) and 2003-2(a)(b) (E.D.M.) Unless the Court orders otherwise.

I.    ORDER OF PAYMENT OF CLAIMS: Class One A and B claims shall be paid in advance of others, then Class One C claims in advance of all remaining classes, then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six unless the consent of a non-assigned domestic support obligee is not obtained then payments shall be made pursuant to 1322 (a)(2), and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

J.    **WORKSHEET:** The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

K.    **CONFLICT OF DEBT AMORTIZATION:** If the amortization figures conflict with

respect to those stated in Class 2b, Class 3, Class 4, Class 5b, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

L. **DEBTOR DUTY TO MAINTAIN INSURANCE:** Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the Debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an Affidavit of Default and in the event that the default is not cured within ten (10) days from the date of service of the Affidavit upon the debtor, debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further Affidavit attesting to the debtor's failure to cure. Said Order shall be granted without motion or hearing.

M. **ENTRY OF ORDERS LIFTING STAY:** Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

N. ADEQUATE PROTECTION: Pre-Confirmation Adequate Protection in Chapter 13 for Creditors Secured in personal property under 11 U.S.C. 1326(a)(1)(c):

    14. Adequate protection shall be paid to Purchase Money Security Interest Creditors in personal property and providing:

        1. Such Creditors have an allowed claim stating the current monthly contractual payment amount no less than 7 days prior to the initial date for confirmation, dismissal, or conversion.

        2. A debt which is listed in the Debtor's schedules and classified by the Debtor as a secured claim in personal property.

        3. Payment of adequate protection to a claimant who is not listed/treated in a plan shall be withheld from distribution and will not be paid until either dealt with in an amended plan, or by order of the court.

    15. A Creditor who satisfies the above requirements shall accrue adequate protection payments to be disbursed by the Chapter 13 Trustee equal 30% of the regular monthly pre-petition payment. Payments shall accrue from the date of the order for relief until the date of confirmation, dismissal, or conversion. If the amount of funds on hand on the date of confirmation, dismissal or conversion is insufficient to satisfy all claims entitled to adequate protection, funds will be distributed on a pro-rata basis.

    16. Payment of adequate protection will be made by the Chapter 13 Trustee at earlier of either the time of the first disbursement following the date originally set for confirmation, or the occurrence of dismissal or conversion.

    17. All adequate protection payments disbursed by the Chapter 13 Trustee shall be

subject to the Trustee's statutory percentage fee which will be at time of the distribution of the adequate protection payments.

**O. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:**

| Type of Property | Fair Market Value | Liens | Debtor's Share Of Equity | Exempt Amount | Non-exempt Equity |
|---|---|---|---|---|---|
| **Personal Residence** | 160,000. | 163,953. | -0- | -0- | -0- |
| **Vehicles**<br>1. 2011 Harley Davidson<br>2. 2000 Chev. pkup.<br>3. 2009 Chev. Traverse | 1. 14,000<br>2. 500.<br>3. 16,000 | 1. 14,851.<br>2. -0-<br>3. 20,532 | 1. -0-<br>2. 500<br>3. -0- | 1. -0-<br>2. 500.<br>3. -0- | **1. -0-**<br>2. -0-<br>3. -0- |
| **HHG/Personal Effects** | 2,101. | -0- | 2,101. | 2,101. | |
| **Jewelry** | 150. | -0- | 150. | **150.** | |
| **Cash/Bank Accounts** | 244.35 | -0- | 244.35 | 244.35 | |
| **Other**<br>1. Retirement Fund<br>2. 2010 Wildwood Trailer<br>3. 1996 Honda motorbike<br>4. 1077 Penarth, Commerce Twp., MI | 1. 12,921.87<br>2. 22,000.<br>3. 50.00<br>4. 70,000. | 1. -0-<br>2. 24,260.<br>3. -0-<br>4. 125,938. | 1. 12,921.87<br>2. -0-<br>3. 50.00<br>4. -0- | 1. 12,921.87<br>2. -0-<br>3. 50.00<br>4. -0- | |
| | | | | | |

```
Amount available upon liquidation        $      -0-
Less administrative expenses and costsϒ.  $      -0-
Less Priority claims...........................  $      -0-
Amount Available in Chapter 7.................  $      -0-
```
Dated: July 19, 2012          /s/ Derek John Alberson
                              Derek John Alberson, Debtor
                              8382 Cook Road
                              Swartz Creek, MI 48473

/s/ Lynnmarie A. Johnson
Lynnmarie A. Johnson (P 54108)
Attorney for Debtor(s)
10751 S. Saginaw Street
Suite F
Grand Blanc, MI 48439
(810) 695-0102
LAJ@Trustlynnmarie.com

## WORKSHEET ANALYSIS

1. **Length of Plan is   260   Weeks,     60   Months,  5   Years**

2. **Debtor's payments prior to confirmation -     $2,268. pr. mo. X 2 mos.**        $   4,536.00

3. **Debtor's payments after confirmation - $2,268. pr. mo. X 60 mos.**        $136,080.00

4. **Equal total to be paid into Plan**        $140,616.00

5. **Estimated Trustee's Fee     (5.3%)**        $   7,057.00

6. **Attorney fees and costs**        $   2,900.00

7. **Total Priority Claim**        -0-

8. **Total installment mortgage or other long-term debt payments**
   **Shore Financial - 8382 Cook Road, Swartz Creek, MI**
   A. Pre-Confirmation -  $1,213. pr. mo. X 2 mos.        $   2,426.00
   B. Post-Confirmation -$1,213. pr. mo. X 60 mos.        $ 72,780.00

9 . **Total of estimated mortgage arrearage**        $           -0-

10. **Total secured claims**        $ 14,851.00

11. **Future real estate taxes**        -0-

   **TOTAL OF ITEMS 5 THROUGH 11**        $100,014.00

12  **Funds available to unsecured claims**        $ 40,602.00

13. **Total unsecured claims (if all file)(including Central Mortgage and Ally Bank)**        $187,021.00

14  **Estimated percentage to unsecured creditors under Plan**        21.70%

15. **Estimated dividend to general unsecured creditors if Chapter 7**        $           -0-